UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-cr-107-KAC-JEM-5 |
| | ) | |
| SHANIQA FLACK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Shaniqa Flack filed a pro se "Motion for 'Extraordinary or Compelling Reasons' under the Compassionate Release Statu[t]e [sic] U.S.C. § 3582(c)(1)(A)," asking the Court to reduce her sentence of imprisonment to time served and release her from prison [Doc. 232]. The Federal Defender Services of Eastern Tennessee ("FDSET") filed a Supplement to Defendant's Motion [Doc. 238], and the United States filed a Response [Doc. 239]. Because the relevant factors in 18 U.S.C. § 3553(a) do not support a modification, the Court denies Defendant's motion. *See* 18 U.S.C. § 3582(c)(1)(A).

I.  **Background**

On November 24, 2020, the Grand Jury charged Defendant with conspiring to distribute one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B) [Doc. 3]. Defendant pleaded guilty on May 20, 2021 [Docs. 85; 64]. She admitted that she was personally responsible for distributing at least three (3) kilograms of heroin and at least 280 grams of fentanyl over a period of nearly one

1

(1) year [*See* Doc. 105 ¶¶ 17, 19, *sealed*]. She further admitted that she continued to distribute heroin and fentanyl on a co-conspirator's behalf after he was arrested [*Id.* ¶ 17, *sealed*]. When Defendant was arrested, law enforcement recovered a stolen shotgun and more than one (1) pound of a mixture and substance containing heroin and fentanyl in a safe in Defendant's bedroom [*Id.*, *sealed*]. Defendant committed the instant offense while on probation [*Id.* ¶ 46, *sealed*].

The Court sentenced Defendant on November 24, 2021 [Doc. 177]. Defendant's total offense level was thirty-one (31), and her criminal history category was III [Doc. 105 ¶¶ 35, 47, *sealed*]. Defendant's criminal history dates to age fourteen (14), and she had already amassed several drug-related convictions before the instant offense [*Id.* ¶¶ 39-42]. This Court sentenced Defendant to eighty-seven (87) months imprisonment and a four-year (4-year) term of supervised release [Doc. 179 at 2]. To date, Defendant has served only approximately twenty-seven (27) months of her sentence [Doc. 239-1 at 2]. The Bureau of Prisons (BOP) expects Defendant to complete her term of imprisonment on March 5, 2027. *See* Inmate Locater, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Mar. 20, 2023). Defendant has committed two (2) sanctioned violations already while in custody [Doc. 239-3 at 1].

Defendant now moves the Court to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A) so that she can "assume the position as a caregiver" for her two (2) children [Doc. 232]. In support, Defendant asserts that her two minor children's "primary caregiver" "was murdered" on July 28, 2021,[1] and her children's "temporary caregiver" "needs surgery" [*Id.*]. Defendant submitted a request for compassionate release to the warden at her BOP facility, and BOP timely denied the request [Doc. 239-2 at 1-2]. The United States opposes Defendant's motion because "the

---

[1] The Court notes that the purported "primary caregiver" of Defendant's children passed before the Court sentenced Defendant [Doc. 232 at 5-6].

2

§ 3553(a) factors weigh against" Defendant's release, specifically because Defendant's conduct in the instant offense was "unquestionably serious" [Doc. 239 at 5].

II. Analysis

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir.2013). Section 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence. *See* 18 U.S.C. § 3582(c)(1)(A). As a threshold matter, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [individual's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). If that threshold requirement is met, a district court may reduce a sentence where the Court finds that (1) "extraordinary and compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotations omitted). A sentencing court's initial balancing of the Section 3553(a) factors is generally an "accurate assessment as to whether those factors justify a sentence reduction," and a defendant "must make a compelling case as to why the sentencing court's § 3553(a) analysis would be different today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). The "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

Because consideration of the Section 3553(a) factors is dispositive, the Court begins and ends its analysis there. This Court sentenced Defendant only one (1) year ago, and its analysis of

3

the Section 3553(a) factors has not changed since then. Defendant committed a serious offense. *See* 18 U.S.C. § 3553(a)(2)(A). While on probation, she conspired to distribute a significant amount of deadly drugs from her home, and she continued to distribute those drugs even after her co-conspirator's arrest. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A). Defendant also possessed a stolen shotgun at the time of her arrest. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A). To date, Defendant has only served a small portion of the eighty-seven (87) month sentence that is necessary to protect the public, promote Defendant's respect for the law, and provide a just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). What is more, Defendant has already incurred disciplinary sanctions while incarcerated, suggesting that she has not yet learned respect for the law or been deterred from engaging in further crimes. *See* 18 U.S.C. § 3553(a)(2)(A), (B). The Court's original balancing of the Section 3553(a) factors remains appropriate and precludes any reduction in Defendant's sentence at this time. *See Sherwood*, 986 F.3d at 954.

Having considered all of the Section 3553(a) factors, a modification of Defendant's sentence is not appropriate. Because the Section 3553(a) factors do not support a modification, the Court need not specifically address the other prerequisites listed in Section 3582(c)(1)(A). *See Elias*, 984 F.3d at 519. Accordingly, the Court **DENIES** Defendant's "Motion for 'Extraordinary or Compelling Reasons' under the Compassionate Release Statu[t]e [sic] U.S.C. § 3582(c)(1)(A)" [Doc. 232].

IT IS SO ORDERED

_____
KATHERINE A. CRYTZER
United States District Judge

4